HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN TORRES-SANDOVAL,

Defendant.

Case No. CR12-217-RAJ-4

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Jonathan Torres-Sandoval's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Dkt. #174. For the reasons that follow, the Court **DENIES** Defendant's motion.

## II. BACKGROUND

On June 11, 2013, Defendant pled guilty to two counts: Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(C) ("Count 1"); and Possession of a Firearm in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) ("Count 5"). Dkt. # 124. At Defendant's sentencing hearing, his adjusted base offense level was 35 with a criminal history level of I. Dkt. # 144. The applicable guideline calculation suggested a sentencing range of 168-210 months' imprisonment for Count 1, and five years' consecutive imprisonment for Count 5. *Id.* Defendant, the Government, and the U.S. Probation Office jointly recommended a term of 96 months' imprisonment. Dkt. ## 145-147. On November 1, 2013, Defendant was

ORDER – 1

sentenced to 36 months for Count 1 and 60 months for Count 5, for a total term of 96 months' imprisonment. Dkt. # 147. On June 27, 2016, Defendant filed a Motion to Correct Sentence pursuant to 18 U.S.C. § 2255. Dkt. # 173. The Court denied the Motion on March 20, 2017. Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Dkt. #174. Defendant contends that he is entitled to a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines ("USSG").

## III. DISCUSSION

On April 30, 2014, the Sentencing Commission promulgated Amendment 782, revising the Drug Quantity Table and chemical quality tables, which amended the guideline ranges for crimes involving narcotics. On July 18, 2014, the Sentencing Commission voted to make Amendment 782 retroactively applicable to previously sentenced prisoners, and the amendment became effective on November 1, 2014. Thus, under 18 U.S.C. § 3582(c)(2), previously sentenced prisoners may move to modify their sentences on the basis of the amendment. 18 U.S.C. § 3582(c)(2) allows for a defendant to move to reduce a term of imprisonment when that term is based on a sentencing range that has been subsequently lowered by the Sentencing Commission.

For a defendant to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions are necessary: "(1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements." *Zapata*, No. CR07-0343-JLR, 2016 WL 7336159, at *1 (citing *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam)). The Court lacks jurisdiction to reduce a defendant's sentence if either of these conditions are not met. *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). The Guidelines reinforce this restriction by specifying that the Court is precluded from reducing a sentence where a retroactive amendment does not lower the

ORDER – 2

defendant's sentencing range. USSG § 1B1.10(a)(2)(B). Further, except for defendants who received a sentence reduction based on substantial assistance to the United States, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2).

Per the USSG, Defendant's advisory sentencing range for Count 1 was 168 to 210 months. Dkt. # 145. The advisory sentencing range for Count 5 was five years of consecutive imprisonment, the minimum term of imprisonment required by statute. *Id.* As noted above, the Court imposed 36 months' imprisonment for Count 1 and 60 months' for Count 5, to be served consecutively, for a total term of 96 months' imprisonment. Dkt. # 147. Applying Amendment 782 to the Guidelines, Defendant's adjusted offense level would be reduced from 35 to 33, which results in an amended Guideline range of 135-168 month's imprisonment. The range for Count 5 remains the same, with a statutory minimum of five years' consecutive imprisonment. As Defendant's current sentence falls below the new sentencing range, it will remain unchanged.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Dkt. #174.

DATED this 23rd day of May, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3